# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WALKER, | No. CIV S-11-0987-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| G. SWARTHOUT, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is petitioner's petition (Doc. 1) and response to the court's May 11, 2011, order to show cause (Doc. 8).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In this case, the court directed petitioner to show cause in writing why this petition should not be summarily dismissed in light of the United States Supreme Court's ruling in Swarthout v. Cooke,

1

562 U.S. ___, 131 S. Ct. 859, 862 (9th Cir. 2011) (per curiam).  In his response, petitioner asserts that he was not provided the minimal protections outlined in Swarthout because, in the context of the Governor's decision to review a parole grant recommendation from the Parole Board, he was not provided notice or an opportunity to be heard.  Given that the Supreme Court's decision in Swarthout was a consolidated decision addressing both a Parole Board denial as well as a Governor's reversal of a Parole Board grant of parole, the distinction petitioner puts forward as a reason for this court to exercise jurisdiction is of no consequence.

        Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability.  Before petitioner can appeal this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  See Fed. R. App. P. 22(b).  Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)).  For the reasons set forth in the May 11, 2011, order to show cause and herein, the court finds that issuance of a certificate of appealability is not warranted in this case.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. This action is summarily dismissed;

2. The court declines to issue a certificate of appealability; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: June 15, 2011

                                                _____
                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE